I concur in the opinion affirming the trial court's termination of Father's parental rights. I write separately regarding the first assignment of error because I disagree with the reasoning supporting the court's conclusion.
I believe that McCutchen's holding ignores the implications of R.C. 2151.413(E)'s nebulous language:
 Any agency that files a motion for permanent custody under this section shall include in the case plan of the child who is the subject of the motion, a specific plan of the agency's actions to seek an adoptive family for the child and to prepare the child for adoption. (Emphasis added.)
While it is true that the statute does not explicitly set forth a particular time at which an agency must file the adoption plan, the statute may be read to imply that an agency must include an adoption plan with the child's case plan at the time that it files its motion for permanent custody. Nevertheless, I interpret the language "that files a motion for permanent custody under this section" as nothing more than a phrase modifying "agency." Interpreted in this way, the statute's plain language does not require the agency to file an adoption plan at the time it files for permanent custody.
I must also take issue with McCutchen's reasoning that requiring the agency to file an adoption plan before permanent custody is granted would undermine the agency's attempts to reunify the family. Once a motion for permanent custody is filed, the agency is no longer attempting such reunification. Requiring the agency to file an adoption plan at that time would have no impact upon that goal, but such a requirement would further the child's best interest in the event the court grants permanent custody.
Nonetheless, I agree with the trial court that granting a motion to dismiss when an agency has not filed an adoption plan would place form over the child's best interest. Therefore, I concur in the court's disposition of the first assignment of error.